IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ASSORTED JEWELRY APPROXIMATELY VALUE OF $44,328.00,<br><br>    Defendant. | CIVIL NO. 11-2074 (CVR) |

**OPINION AND ORDER**

Pending before the court is the United States of America's Motion to Dismiss or in the Alternative Motion for Summary Judgment (Docket No. 44) and claimant Angel A. Betancourt-Pérez's ("Claimant" or "Betancourt-Pérez") unsupported Opposition.[1] (Docket No. 46). For the reasons discussed herein, the government's unopposed request is **GRANTED**.

**I. FACTUAL BACKGROUND[2]**

The government commenced this forfeiture action alleging that certain items of jewelry[3] seized from Claimant's residence were forfeitable as drug trafficking proceeds. Specifically, the items of jewelry were found alongside two (2) kilograms of cocaine and marijuana at the arrest of Claimant while he was fugitive in Criminal Nos. 10-175 (PG), 11-181 (PG) and 11-367 (PG) (collectively, "Criminal Cases").

---

[1] Although Claimant filed an Opposition to the government's motion, he did not include any record or case law in support of his two (2) page long response. Accordingly, the Court is free to disregard general factual assertions made by Claimant that are not otherwise supported by competent evidence as required by Rule 56(e) of the Federal Rules of Civil Procedure. Nieves v. University of Puerto Rico, 7 F.3d 270, 276 n. 9 (1st Cir. 1993) and United States v $21,510 in U.S. Currency, 292 F.Supp. 2d 318, 322 (D.P.R. 2003).

[2] The undisputed facts are taken from Claimants' plea agreements in criminal cases (Docket Nos. 1985 and 1986 in Case No. 10-175 (PG), Docket Nos. 59 and 60 in Case No. 11-181 (PG), and Docket Nos. 1206 and 1207 in Case No. 11-367 (PG)) and have not been adequately contested by Claimant.

[3] For a detailed list of the items seized and the appraised value, see Docket No. 1, Exhibit 3.

United States of America v. Assorted Jewelry Approximately Value of $44,328.00
Civil No. 11-2074 (CVR)
Opinion And Order
Page 2

On October 18, 2013, Claimant Betancourt-Pérez pled guilty in the Criminal Cases pursuant to a plea agreement. The Sentencing Hearing in all three (3) cases is set for April 11, 2014.

**A.    Criminal Case No. 10-175 (PG).**

On a date unknown, but no later than in or about the year 2002, and continuing up to and until the return of the Indictment, in the Municipality of Carolina, claimant Betancourt-Pérez, participated in a conspiracy with other persons to knowingly and intentionally possess with intent to distribute controlled substances, that is: in excess of fifty (50) grams of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms of cocaine, a Schedule II, Narcotic Drug Controlled Substance; in excess of one thousand (1,000) kilograms of marijuana, a Schedule I, Controlled Substance; a mixture or substance containing detectable amounts of Oxycodone (commonly known as Percocet), a Schedule II Controlled Substance; and a mixture or substance containing detectable amounts of Alprazolam (commonly known as Xanax), a Schedule IV Controlled Substance; within one thousand (1,000) feet of the real property comprising a housing facility owned by a public housing authority. All in violation of Sections 841(a)(l), 846 and 860 of Title 21 of the United States Code.

The object of the conspiracy was to distribute controlled substances at the Torres De Sabana Public Housing Project in Carolina, Puerto Rico and other areas within the Municipality of Carolina and Loiza; all for significant financial gain and profit. Claimant

Betancourt-Pérez, acted as a runner for the drug trafficking organization. As such, he would be responsible for providing sufficient narcotics to the sellers for further distribution at the drug point. He would also be responsible for collecting the proceeds of drug sales and paying the street sellers. Although multiple kilograms of heroin, cocaine, cocaine base and marihuana were distributed during the conspiracy, for the sole purpose of the Plea Agreement, the parties agreed that Betancourt-Pérez was accountable for at least three point five (3.5) kilograms but less than five (5) kilograms of cocaine.

**B.      Criminal No. 11-181 (PG).**

On or about May 10, 2011, at approximately 3:30 p.m., United States Marshals Service Deputies along with Puerto Rico Police Department, Carolina Strike Force Agents were performing surveillance operations at the vicinity of the Montecillo Court Apartment Complex, in Encantada, Trujillo Alto, P.R., upon receiving information on the whereabouts of a federal fugitive. To that date, claimant Betancourt-Pérez was a federal fugitive who had an outstanding arrest warrant in relation to criminal case 10-175 (PG).

At approximately, 4:30 p.m., the agents observed an individual who, while driving a white Ford Econoline Van, bearing license plate number 757-678, entered the Montecillo Court Apartments' parking lot area. After entering into the parking area, the individual proceeded to park the white Van in one of the parking spaces near the vicinity of the Apartment Complex's mail boxes area. At that point, he dismounted from the white Van and walked towards Building 44 of the Apartment Complex, specifically to apartment number 4404. An individual entered the apartment and remained inside for approximately

United States of America v. Assorted Jewelry Approximately Value of $44,328.00
Civil No. 11-2074 (CVR)
Opinion And Order
Page 4

---

40 minutes. At approximately 5:10 p.m., the above mentioned individual, along with claimant Betancourt-Pérez, came out of apartment 4404 of the residential complex and walked towards the front side of a Toyota Highlander, bearing Puerto Rico license plate GMA-090, that was parked in the assigned parking space for apartment 4404.

The other individual proceeded to move the white color Van from where it was originally parked and placed the same in front of the Highlander. At that point, both vehicles where parked close to each other and their rear doors were opened as to both. Claimant Betancourt-Pérez, at that point was standing right next to the Toyota Highlander with a white medium size box in his hands. Betancourt-Pérez and the other individual placed inside the Van and the Toyota Highlander a total of four (4) white boxes. The boxes were being retrieved by claimant Betancourt-Pérez and the other individual from inside apartment 4404 of the Montecillo Court Apartment Complex.

At that point, the United States Marshal Service and the Puerto Rico Police Department CSF identified Claimant as the federal fugitive that they were looking for and proceeded with his arrest. While performing a limited search of the area of the arrest the agents seized four boxes containing approximately 62 pounds of marihuana. Thereafter, agents from the Drug Enforcement Administration and the Bureau of Alcohol, Tobacco, Firearms and Explosives executed a federal search warrant on the premises of apartment 4404 of the Montecillo Court Apartment Complex (Claimant's apartment), resulting in the seizure of approximately 2.185 kilograms of cocaine, a Bushmaster, model Carbon-15, 5.56 caliber pistol, serial number D06007, among other items of evidence. Claimant Betancourt-

Pérez, acknowledged that the firearm was used and carried during and in relation to a drug trafficking crime as charged in Count One. For the purposes of the Plea Agreement entered in this case, claimant Betancourt-Pérez acknowledged that he possessed with intent to distribute at least two (2) kilograms but less than three point five (3.5) kilograms of cocaine. All in violation of Section 841(a)(l), (b)(l)(B) of Title 21 of the United States Code and Sections 924(c)(l)(A) and 2 of Title 18 of the United States Code.

The search warrant on Betancourt-Perez's apartment also resulted in the seizure of assorted jewelry with the aforementioned cocaine, which was appraised at $44, 328.00.

### C.   Criminal No. 11-367 (PG).

In or about the year 2010, and continuing up to and until the return of the Indictment filed in this case, in the Districts of Puerto Rico, California, Florida, Mexico and elsewhere, claimant Betancourt-Pérez and other persons, did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit the following offense against the United States: to possess with the intent to distribute 1000 kilograms or more of a mixture or substance containing detectable amounts of marijuana, a Schedule I Controlled Substance, in violation of Sections 841(a)(l) & (b)(l)(A) of Title 21 of the United States Code.

The object of the conspiracy was to purchase, transport and distribute large amounts of marijuana throughout Puerto Rico, all for significant financial gain and profit. Claimant Betancourt-Pérez acted as a facilitator for the drug trafficking organization. As a facilitator, Betancourt-Pérez would assist and coordinate the process to launder the controlled

Case 3:11-cv-02074-CVR   Document 47   Filed 12/11/13   Page 6 of 11

United States of America v.  Assorted Jewelry Approximately Value of $44,328.00
Civil No. 11-2074 (CVR)
Opinion And Order
Page 6

substances proceeds and could facilitate the final distribution of the marijuana within the District of Puerto Rico. Claimant Betancourt-Pérez acknowledged that the conspiracy charged in this case is different, separate, and unrelated to the conspiracy charged in Criminal No. 10-175 (PG).

## II. LEGAL ANALYSIS

### A.   Standing.

The court will briefly discuss the government's argument regarding Claimant's lack of standing to challenge the forfeiture. The government contends that Claimant's answer and Verified claim are legally insufficient and that Betancourt-Pérez does not have standing to contest the forfeiture. (Docket No. 44 at pp. 2-13).

As the First Circuit Court of Appeals recently reiterated, "[s]tanding is a threshold consideration in all cases, including civil forfeiture cases." U.S. v. $8,440,190.00 in U.S. Currency, 719 F.3d 49, 57 (1st Cir. June 17, 2013)(citing United States v. One–Sixth Share of James J. Bulger in All Present & Future Proceeds of Mass Millions Lottery Ticket No. M246233, 326 F.3d 36, 40 (1st Cir. 2003)).

In forfeiture cases, the property is the defendant and therefore defenses against forfeiture can only be brought by a third-party intervenor (here, claimant Betancourt-Pérez), who generally must have independent standing.  Id. When faced with a motion seeking to strike a claim, the burden is on the party contesting the forfeiture to establish standing by a preponderance of the evidence. Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture Actions G(8)(c)(ii)(B). To meet his burden, the claimant must

Case 3:11-cv-02074-CVR   Document 47   Filed 12/11/13   Page 7 of 11

United States of America v. Assorted Jewelry Approximately Value of $44,328.00
Civil No. 11-2074 (CVR)
Opinion And Order
Page 7

start by demonstrating an ownership or possessory interest in the seized property. $8,440,190.00 in U.S. Currency, 719 F.3d at 57; see also One–Sixth Share, 326 F.3d at 41. At the initial stages of intervention, the requirements are not arduous and typically "any colorable claim on the defendant property suffices." $8,440,190.00 in U.S. Currency, 719 F.3d at 57 (quoting One–Sixth Share, 326 F.3d at 41); see also U.S. v. U.S. Currency, $81,000, 189 F.3d 28, 35 (1st Cir. 1999)(considering standing at the motion to dismiss stage); United States v. One Parcel of Real Prop. with Bldgs., Appurtenances & Improvements Known as 116 Emerson St., 942 F.2d 74, 78–79 (1st Cir. 1991) (deciding the claimant's standing at the motion to intervene stage). An allegation of ownership, coupled with some evidence of ownership, is sufficient to establish constitutional standing to contest a forfeiture. U.S. Currency $81,000, 189 F.3d at 35; see also, U.S. v. $263,327.95, et al., 936 F.Supp. 2d 468, 473-474 (D.N.J. 2013) (holding that even a simple description of claimant's interest in the property is sufficient to create standing to challenge forfeiture) (internal citations omitted).

In this case, contrary to the government's allegations that Claimant submitted a "blanket assertion of ownership," it is clear that Claimant met his burden and that he satisfies standing requirements to contest forfeiture. More specifically, as it appears from Claimants' Verified Claim (Docket No. 18) and his Answers to Interrogatories (Docket No. 44) (submitted by the government in support of its request) Claimant provided a more detailed statement, under penalty of perjury, identifying his interest and claiming full ownership rights on the particular items at issue.

United States of America v.  Assorted Jewelry Approximately Value of $44,328.00
Civil No. 11-2074 (CVR)
Opinion And Order
Page 8

As such, the government's request to dismiss the complaint on standing is **DENIED** as the evidence submitted by Claimant is sufficient to establish constitutional standing to contest a forfeiture.

**B.     The Civil Asset Forfeiture Reform Act ("CAFRA") of 2000**.

As previously stated, the government alleges in the alternative that summary judgment should be entered as there is no genuine dispute as to any material fact and the government is entitled to judgment as a matter of law.  (Docket No. 40 at pp. 13-19).  It is the government's contention that the jewelry seized are proceeds traceable to the exchange of controlled substances under 21 U.S.C. § 881(a)(6).  In Claimant's opposition, he did not address the government's arguments at all.   Therefore, per Local Rule 56(e)(2), the government's motion is deemed unopposed and the court will deem as admitted those facts which are supported by the record, and which Claimant failed to deny or qualify.

Title 21, section 881(a)(6) of the United States Code states in pertinent part, "all monies, negotiable instruments, securities, or other things of value furnished or intended to be furnished by a person in exchange for a controlled substance and all proceeds traceable to such an exchange are subject to forfeiture."

Under CAFRA, the government must prove, by a preponderance of the evidence that the property is subject to forfeiture. 18 U.S.C. § 983(c)(1). Where, as here, the "Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense,

the Government shall establish that there was a substantial connection between the property and the offense." 18 U.S.C. § 983(c)(3). Because the United States is proceeding under 21 U.S.C. § 881, it must establish a substantial connection between the property and currency and a criminal offense involving the exchange of a controlled substance. See, 21 U.S.C. §§ 881(a)(4) and (6); see also U.S. v. $58,920.00 in U.S. Currency, 385 F.Supp.2d 144, 150 (D.P.R. 2005). The United States, however, need not link the defendant property to a particular drug transaction. See, e.g., U.S. v. $40,000.00 in U.S. Currency, 999 F.Supp. 234, 239 (D.P.R. 1998); United States v. $59,074.00 in U.S. Currency, 959 F.Supp. 243, 249 (D.N.J. 1997); U.S. v. Parcels of Real Property With Bldg., Appurtenances and Improvements, 913 F.2d 1, 3 (1st Cir. 1990). "The probable cause showing need only link the defendant property with illegal drug activity generally, not to a particular transaction." U.S. (Drug Enforcement Agency) v. One 1987 Jeep Wrangler, 972 F.2d 472, 476 (2nd Cir.1992).

### C. Standard for Summary Judgment.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Pursuant to the language of the rule, the moving party bears the two-fold burden of showing that there is "no genuine issue as to any material facts," and that he is "entitled to judgment as a matter of law." Vega-Rodríguez v. Puerto Rico Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997).

Case 3:11-cv-02074-CVR   Document 47   Filed 12/11/13   Page 10 of 11

United States of America v. Assorted Jewelry Approximately Value of $44,328.00
Civil No. 11-2074 (CVR)
Opinion And Order
Page 10

After the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact." Cortés-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). A fact is deemed "material" if it potentially could affect the outcome of the suit. Id. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id.

At all times during the consideration of a motion for summary judgment, the Court must examine the entire record "in the light most flattering to the non-movant and indulge all reasonable inferences in the party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994). "[T]he nonmovant bears 'the burden of producing specific facts sufficient to defect the swing of the summary judgment scythe.' " Noviello v. City of Boston, 398 F.3d 76, 84 (1st Cir. 2005); see also, Rosario-González v. U.S., 898 F.Supp. 2d 410, 417-418 (D.P.R. 2012).

In this case, under the summary judgment standard, it is clear that the government has met its burden of proof. Specifically, it is uncontested that Claimant pled guilty to the drug changes which gave rise to the present action and that the jewelry at issue was seized from Claimant's apartment *together* with approximately 2.185 kilograms of cocaine. It is also uncontested that the assorted jewelry was found in the same area of the house where the cocaine was found and all items were seized pursuant to a federal search warrant. These facts are enough to make a reasonable inference to establish a nexus between the seized

jewelry and the offenses for which Betancourt-Pérez was convicted, as required by law. Furthermore, Claimant failed to contest, deny or produce any evidence to controvert the government's position.

Even crediting the conclusory, self-serving statements made by Claimant in his affidavit (submitted by the government in support of its motion and uncorroborated by any other evidence that could confirm that the jewelry seized originated from legal source), those statements are insufficient to defeat summary judgment. See, $8,440,190.00 in U.S. Currency, 719 F.3d at 58-59 (citing SMS Sys. Maint. Servs., Inc. v. Digital Equip. Corp., 188 F.3d 11, 20(1st Cir. 1999) and noting that conclusory, self-serving testimony need not be credited on summary judgment); see also, United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990)(arguments "adverted to in a perfunctory manner [or] unaccompanied by some effort at developed argumentation" are waived).

### III. CONCLUSION

In view of the foregoing, the government's Motion to Dismiss Claim is **DENIED** and the Motion for Summary Judgment is **GRANTED**. Accordingly, the defendant (Assorted Jewelry with an approximate value of $44,328.00) is ordered forfeited to the United States of America for disposition in accordance with the law.

Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 11th day of December of 2013.

                                         S/CAMILLE L. VELEZ-RIVE
                                         CAMILLE L. VELEZ-RIVE
                                         UNITED STATES MAGISTRATE JUDGE